WILLIAM D. WILKINS *vs.* MAYOR and COUNCIL OF WILMINGTON.

New Castle County, November Term, 1895.

**Highway. Street. Municipal Corporation.**—It is the duty of a municipal corporation to keep its streets in a safe and proper condition for public use, and persons passing over such streets have the right to assume that this duty has been performed, but they are also required to exercise reasonable care to avoid danger.

**Negligence. Evidence. Burden of Proof.**—In an action founded on negligence the burden is on the plaintiff to show it by a preponderance of proof. If he has proved negligence and the defendant seeks to avoid liability by relying upon the contributory negligence of the plaintiff, then the burden is shifted, and the defendant must prove such contributory negligence by a like preponderance of proof.

**Evidence. Res Gestæ.**—In an action to recover damages for personal injuries, declarations made by the person injured at the time, which are in their nature involuntary and indicate pain or show his condition afterwards, may be shown, but not his complaints.

This was an action on the case, brought by William D. Wilkins, the plaintiff, against the Mayor and Council of Wilmington, the defendant; to recover damages for injuries to himself, his horse, carriage and harness, received in an accident at the intersection of Broome Street and Pennsylvania Avenue, in this City.

The plaintiff claimed to have proved, that on the evening of June 30th, 1893, between eight and nine o'clock, he, with his little son, was driving easterly along Pennsylvania Avenue, which is a public street of that city. That at the intersection of the avenue with Broome Street, in the darkness, he drove into a hole or cavity at or near the manhole at that point; that himself and son were thrown from the carriage, that he received personal injuries from which he is still suffering; that the shaft of his carriage was broken, his harness was so broken as to require a new set, and his horse much injured ; that the cavity or hole was caused by the negligence of the City in the construction of the manhole at that point; in that the earth was not properly rammed around the manhole, and that there were openings left at the bottom, permitting the earth to run in and thus cause the depression. That at the time of the accident the plaintiff was exercising due care and caution ; that there were no barriers, and no danger lights to protect travelers or to give warning.

The defendant produced evidence tending to ·prove that the manhole was in all respects properly constructed, and that the hole at the bottom was covered and the earth well rammed ; that there were guards and danger lights near the manhole, and that the plaintiff negligently drove into the hole and thereby contributed to the accident.

At the trial Hannah H. Parker, a witness, called on behalf of the plaintiff, was asked, having reference to the time shortly after the occurrence of the accident :

Q. From the time of the accident until this time have you often heard Wilkins complain of those injuries?

· The above question was objected to by counsel for defendant as irrelevant. *Bird,* for plaintiff, contended that a similar question had been admitted in the case of *Cook vs. Wilmington City Electric Company,* 9 Houst. 306 and also in the case of *Quinn, admr. of Peace, vs. Johnson Forge Company, id.* 338.

LORE C. J.: The question is not admissible. The rule is that declarations made at the time which are in their nature involuntary and indicate pain or show the condition of the party, may be proved, and his condition may be shown afterwards, but not his complaints. A man cannot make out a case for himself by complaining to other people.

In the case of *Cook vs. Wilmington City Electric Company* the question went in without objection. In the case of *Quinn, Adm. of Peace vs. Johnson Forge Company,* the injured man was dead and could not speak for himself. In this case you have a man here who can speak for himself as to the extent of his injuries, every ache and pain he felt, every hour of loss of sleep. In the Quinn case it was admitted *ex necessitate,* because the individual could not speak himself. The Court have always gone to the extent of admiting anything like groans, exclamations of pain, or restlessness, anything that the witness observed running through, and incidental to all the suffering of the party as a fact, but not such a question as is proposed to be asked in the present instance. You can show, if you can, by witnesses the condition of this man, not what he said, continuing from the date of the accident to this.

LORE, C. J., (charging the Jury.)

We have been asked to charge upon the law governing the case. Fortunately every point raised has been decided by the Courts of this State, and is now well settled law.

Pennsylvania Avenue is a public street and highway of this City. The Mayor and Council of Wilmington, the defendant is charged with its maintenance. It is the duty of the City to see that it is in a safe and proper condition for public use. The City

is bound to perform this duty with diligence, without negligence, and in entire fidelity to its inhabitants. This being the duty of the City the plaintiff had a right to assume, that the avenue was in a reasonably safe and passable condition, and it was not his duty to be searching for obstructions or holes. *Robinson vs. City,* 8 Houst. 414; *Anderson & Son vs. City, id.* 516.

The law, however, imposes duties also on travellers using the public streets. They must use all reasonable care and caution to avoid danger. They may not carelessly run into danger, and then make others pay for their own negligence.

If the cavity or depression on that night, was guarded by barriers and danger lights visible to the plaintiff, provided he had used reasonable care in looking, but not so looking, he drove carelessly into the opening or drove carelessly along with his attention directed elsewhere, then he took the risk, was guilty of contributory negligence and may not recover even if the City were negligent.

If you believe from the evidence, that the city was negligent in the construction of the man-hole; that it did not use due care and skill in building it or in packing the earth around it, and that by reason thereof the earth fell in, and without fault or negligence on the part of the plaintiff in looking as he drove along, his carriage was thrown into the hole, and thereby the injuries complained of resulted, your verdict should be for the plaintiff. If however, you believe from the evidence, that the construction of the man-hole, and the filling around it were properly done, and that the settling was not the City's fault, your verdict should be for the defendant. Moreover, even if the construction of the man-hole, and the filling around it were defective, yet if there were lights and guards around or near the hole, giving warning of the danger, which the plaintiff might have seen if he had used ordinary care in looking; or if he was carelessly or negligently driving on the avenue, and the accident result from such want of looking and care, your verdict should be for the defendant; for if the plaintiff contributed in any way to the injury he cannot recover in this case,

however, much the City may have been guilty of negligence. The doctrine of proximate cause does not apply to this case.

The plaintiff's right to recover is based on the negligence of the defendant. The burden is upon him to show to your satisfaction by a preponderance of proof that the City was negligent. If he has proved that the City was negligent, and the City seeks to escape liabilities by relying upon the contributory negligence of the plaintiff, then the burden of proof is shifted, and it is incumbent on the defendant to prove such contributory negligence, by a like preponderance of proof. So if the defendant relies on an extraordinary storm as the cause of the injuries, it must make like proof that they resulted from a phenominal storm and not from its own negligence.

Applying the law as above stated, you are to determine whether the injuries complained of resulted from the negligence of the defendant alone. If so, your verdict should be for the plaintiff. On the other hand, you are to inquire whether they resulted from the carelessness of the plaintiff alone ; or from the combined negligence of the plaintiff and the defendant. If the plaintiff alone was negligent, or if he contributed in any manner by his negligence to the injuries, your verdict should be for the defendant.

The testimony is conflicting. It is your first duty to reconcile it. If that is not possible, then you must be governed by the weight of the testimony, taking into consideration the number and the character of the witnesses on each side, their apparent interest in the suit, their intelligence, truthfulness and opportunities for obtaining correct information.

Should your verdict be for the plaintiff, the amount should be such sum as would be a just and reasonable compensation for his loss and injuries as proved on that witness stand. If for the defendant, then simply for the defendant.

*Verdict for the defendant.*

*Bird & Sanborn,* for Plaintiff.

*Harman & Knowles,* for Defendant.